(81 South. 324)

No. 23392.

VICKNAIR v. DAILY STATES PUB. CO., Limited.

In re DAILY STATES PUB. CO., Limited.

(March 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. LIBEL AND SLANDER ☞84, 88—CIRCULATION OF PUBLICATION—PETITION.

A petition in an action for a newspaper libel, alleging that newspaper had a large circulation in parish of the venue and was circulated therein by the defendant's agents and distributors, and that publication was made therein of a libel concerning petitioner's minor daughter to her damage, in view of other averments of petition, charged circulation in that parish and damage therefrom.

2. LIBEL AND SLANDER ☞75—CIRCULATION OF PUBLICATION—VENUE—STATUTE.

Under ·Code Prac. art. 165, as amended by Act No. 71 of 1914, par. 9, the courts of a parish in which a newspaper libel against plaintiff's minor daughter was circulated by defendant to her damage had jurisdiction of an action for libel as the circulation was so essentially a part of alleged libelous act that it could not be disassociated from extent of damages, libelous nature of article, etc.

Action by Charles Vicknair against the Daily States Publishing Company. Application by defendant for writs of certiorari and prohibition to the Twenty-Eighth judicial district court, parish of Jefferson, Hon. F. A. Middleton, Judge. Rule nisi recalled, and application dismissed.

Dart, Kernan & Dart, of New Orleans, for applicant.

DAWKINS, J. [1] The applicant herein seeks to prevent further proceeding by the Twenty-Eighth judicial district court in the above styled suit upon the ground that it is without jurisdiction ratione personæ to try said cause. The application alleges that defendant is a newspaper corporation domiciled in the city of New Orleans and parish of Orleans; that the plaintiff does not charge that the newspaper in which the alleged libelous matter, made the basis of the suit, appeared, was circulated in the parish of Jefferson; and that to force defendant to answer and go to trial on the merits would compel it to incur large expense in the way of costs, witness fees, and interruption of its business, all of which would be of no avail in event it should ultimately be found that the lower court was without jurisdiction. The application further alleges that the only jurisdictional averment in the petition of plaintiff is as follows:

"That the said newspaper has a large circulation in the parish of Jefferson, and said Daily States Publishing Company, Limited, has its agents and news distributors in the parish of Jefferson, who on behalf of said Daily States Publishing Company circulates in said parish of Jefferson, said newspaper."

We find, on examining the original petition sent up with the record, pursuant to the rule issued herein, the following additional allegation with reference to the publication of the alleged libelous matter in Jefferson parish, to wit:

"(7) Now your petitioner shows that said Daily States Publishing Company, Limited, through its agents, circulated in the parish of Jefferson said false and malicious libel of and

concerning your petitioner's said minor daughter, and that thereby petitioner's said daughter has suffered damages in the sum of fifteen thousand dollars."

(We note from the brief of counsel for the applicant filed herein that the failure to refer to the last-quoted paragraph of the petition in applying for these writs was due to the hurry in making the application, and to the fact that the copy of the petition which was used in its preparation did not contain the article in question. Under those circumstances, we conclude that there was no intention of misleading the court.)

Reading the paragraphs quoted, together with the other averments of the petition, we think it plainly charges that the newspaper containing the alleged libelous matter was circulated in the parish of Jefferson by defendant through its agents, and that plaintiff's daughter has suffered the damages incident thereto by publication in said parish.

[2] Article 165 of the Code of Practice, as amended by Act No. 71 of 1914, par. 9, provides:

"In all cases where any corporation shall commit trespass, or do or fail to do anything for which an action for damages lies it shall be liable to be sued in the parish where such damage is done or trespass committed."

If defendant circulated or caused to be circulated the matter in question, and if it be libelous, and if the plaintiff's daughter has been damaged thereby, it would seem that, under the provisions of law just quoted, the courts of that parish would have jurisdiction to determine the matter. The case of State v. Moore, 140 La. 281, 72 South. 965, can have no application to a civil action. That was a criminal charge, which, according to the doctrine announced in said case, and in the light of the provision of the State Constitution, had its situs at the point where the act of printing and publishing was first committed, or the machinery for its commission was set in motion. In the absence of constitutional restrictions, it would seem that the Legislature may make any reasonable provision as to jurisdiction, in so far as civil cases are concerned.

Counsel for the applicant urge in their brief that in the trial of the plea to the jurisdiction it was not shown that defendant or its agents had circulated the alleged libelous matter in the parish of Jefferson. However, since applicant was plaintiff in the plea, it would seem that the allegations of the petition should be treated as true until the contrary were shown by proof offered in support of the exception. Ency. of Pleading & Practice, vol. 12, p. 181 et seq. Be that as it may, we are not reviewing the matter as on appeal, but rather on the question of whether or not the lower court, under the averments of the petition, is properly exercising jurisdiction. The circulation of the alleged libelous matter was so essentially a part of the alleged libelous acts or facts out of which the damage arises that it cannot be disassociated from the remaining facts, such as the extent of the damage, the libelous nature of the article, etc. We cannot assume for the purpose of this application that plaintiff will not, on the trial, make the necessary proof of publication to sustain the complaint. In any event, the applicant has ample remedy by appeal, should it be cast in the court below.

For the reasons assigned, the rule nisi is recalled, and applicant's petition dismissed at its cost.