**(127 So. 631)**

**JONES v. MAESTRI, Commissioner of Conservation, et al.**

**In re MAESTRI, Commissioner of Conservation et al.**

No. 30424.

March 5, 1930.

See, also, post, p. 294, 127 So. 632.

Percy Saint, Atty. Gen., and Paul A. Sompayrac, Sp. Asst. Atty. Gen., for relators.

Cline, Plauche & Girod, of Lake Charles, and Burke & Smith, of New Iberia, for respondent.

ROGERS, J.

The relators are Robert S. Maestri, commissioner of conservation, and Frank F. Canik, an agent of the Department of Conservation, residing in the parish of Jefferson Davis. They apply for relief against a preliminary injunction issued by the judge of the district court upon the application of one Don G. Jones, enjoining them from interfering with the trapping operations of said Jones on the Rockefeller Preserve and Wild Life Refuge, situated in the parishes of Cameron and Vermilion, in this state.

By an act of donation dated September 30, 1920, the Rockefeller Foundation conveyed to the state of Louisiana certain lands situated in the parishes hereinabove mentioned to be held and maintained by the donee as a wild life refuge or game preserve. The donation was accepted on behalf of the state by its then Governor and commissioner of conservation under the authority of Act No. 71 of 1920.

On January 15, 1929, V. K. Irion, then the commissioner of conservation, undertook to enter into a contract with Don G. Jones, a resident of the parish of Jefferson Davis, wherein Jones was designated and authorized to destroy certain animal life on the refuge.

With the exception of the lands described in the instrument, this contract is identical in terms with the contract entered into between Irion and Walter H. Gordy, and set forth in substance, in Gordy v. Maestri et al., 127 So. 628,[1] decided this day. As in the case of Gordy, Maestri, upon succeeding Irion as commissioner of conservation, issued orders, which he proceeded to enforce through his agent, Canik, prohibiting Jones from further trapping on the Rockefeller Wild Life Refuge. Thereupon Jones brought suit against Maestri and Canik in the district court for the parish of Jefferson Davis to enjoin the execution of the orders, and to prevent their in-

---

[1] Ante, p. 281.

terference with his work. The grounds of the action are in substance and effect the same grounds set up by Gordy in the suit filed by him. After a hearing on a rule nisi, the judge of the district court overruled a plea to the jurisdiction of the court and an exception of no cause of right of action filed by the defendants Maestri and Canik, and issued the preliminary injunction prayed for. The correctness, vel non, of this judgment is the matter submitted for our determination in this proceeding.

Relators contend that the district court herein was without jurisdiction ratione personæ and ratione materiæ. The judge of that court held the plea to be untenable. We are not prepared to say that he erred in so doing.

It is true that the domicile of the conservation department and the domicile of Maestri, the present conservation commissioner, are in the parish of Orleans, and that none of the lands comprising the Rockefeller Wild Life Refuge are situated in the parish of Jefferson Davis. Nevertheless, the action instituted by Don G. Jones is one in tort, in which the defendants are impleaded as joint tort-feasors. The domicile of the defendant Canik is in the parish of Jefferson Davis, where the suit was brought.

[2, 3] Joint tort-feasors are solidarily liable and may be sued jointly either in the parish where the tort was committed or at the domicile of any one of the joint tort-feasors. Civ. Code, art. 2324; Code of Practice, art. 165, §§ 6, 8 and 9, as amended by Act 130 of 1926; Rathborne Lumber Co. v. Cooper, 164 La. 502, 114 So. 112.

The issues presented on the exception of no right or cause of action are identical with the issues arising under a similar exception which we have considered and disposed of in the case of Gordy v. Maestri et al., referred to supra. For the reasons set forth in our opinion handed down this day in that case, our conclusion is that the exception in this case was erroneously overruled. The ruling will therefore have to be set aside.

For the reasons assigned, the rule nisi herein issued is made absolute, and accordingly the judgment of the court below overruling the exception of no right or cause of action filed by the relators herein is annulled, and it is now ordered that the said exception be maintained, the preliminary injunction herein issued be dissolved, and the rule therefor be dismissed, at the cost of the respondent, Don G. Jones.

O'NIELL, C. J., takes no part.

ST. PAUL and THOMPSON, JJ., dissent.

(127 So. 632)