AYRES, Judge.
This is an action in tort instituted against the defendants in the First Judicial District Court in and for Caddo Parish, Louisiana. Plaintiff seeks to recover damages for libel.
Writs were issued under our supervisory powers to permit a review of and to inquire into the validity of an order sustaining an exception of improper venue of the court and transferring this cause, under the provisions of LSA-C.C.P. Art. 121, to the Civil District Court in and for the Parish of Orleans.
*439 The defendant The Times-Picayune Publishing Corporation, publisher of both The Times-Picayune and the New Orleans States-Item, morning and afternoon daily newspapers, respectively, is a Louisiana corporation with its domicile and principal place of business in the City of New Orleans, Orleans Parish, Louisiana. The defendant The Associated Press, a corporation organized and created under the laws of the State of New York, although not licensed to do business in this State, has an office located in and is doing business in the ■City of New Orleans, Orleans Parish, Louisiana.
The contention that the First Judicial District Court in and for Caddo Parish, Louisiana, has jurisdiction of this cause of .action and is a court of proper venue is predicated' on the fact that the defendants ■published and circulated certain defamatory ■statements concerning plaintiff in Caddo Parish; that The Associated Press gather•ed the news which was sent by teletype to •newspapers, radio and television stations :in Louisiana, including those in Caddo Par-ish, as well as The Times-Picayune in New “Orleans; and that The Times-Picayune Publishing Corporation published and circulated the libelous matter furnished it by -its codefendant in newspapers which it -sold and distributed in Caddo Parish, Louisiana. In this regard, plaintiff’s petition ^specifically alleges:
“The Associated Press operates a news gathering and news disseminating business and in such business em- • ploys agents in Louisiana, in other •states of the Union, and in foreign ■countries for the purpose of gathering news which it dispatches to various •newspapers, radio broadcasting stations .and television broadcasting stations in Louisiana, in other states and in other countries. For such services this defendant makes charges and collects fees •which produce a large profit. For such ■purposes said defendant maintains a •regional bureau in the City of New •Orleans from which its agents and employees telegraph news information to newspapers and radio and television broadcasting stations in Caddo Parish, in the State of Louisiana, and elsewhere.
“The Times Picayune Publishing Corporation publishes in the City of New Orleans two daily newspapers, the morning newspaper being known as the Times Picayune, and the afternoon newspaper being known as the New Orleans States-Item; both of its said newspapers are mailed to subscribers in Shreveport and Caddo Parish and are distributed in said State and Parish through news agencies and news stands located therein. In addition the said newspapers are distributed throughout the State of Louisiana, in other states of the Union, and in foreign countries with a circulation of several million newspapers daily.”
The general rule is that an action against a domestic corporation shall be brought in the parish where its registered office is located (LSA-C.C.P. Art. 42 (2)), the parish of its domicile (LSA-R.S. 12:37 (A)), and that an action against a foreign corporation not licensed to do business in this State shall be brought in the parish where process may be, and is, served on the defendant (LSA-C.C.P. Art. 42(5)). Under the statement of facts recited hereinabove, the Civil District Court of the Parish of Orleans would, of course, under the general rule, constitute a court of proper venue in which this action could be maintained.
However, there are exceptions to the aforesaid general rule. For instance, under LSA-C.C.P. Art. 74, it is stated, so far as pertinent, that
“An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the zvrongful conduct occurred, or in the parish zvhere the damages were sustained.” (Emphasis supplied.)
A similar provision, although not as broad as the provisions in the Code of Civil *440 Procedure, was contained in Art. 165 of the Code of Practice prior to the adoption of the Code of Civil Procedure.
Under the provisions of the Code of Practice, it was held, in Vicknair v. Daily States Pub. Co., Limited, 144 La. 809, 81 So. 324, that an action for damages for libel might be brought in the parish where a newspaper containing the libelous matter was circulated. An exception to the jurisdiction of the court predicated upon the fact that the defendant was domiciled in the Parish of Orleans was overruled, whereupon the defendant applied to the Supreme Court for writs to prevent further proceedings by the District Court of Jefferson Parish. Plaintiff’s petition alleged:
"Now your petitioner shows that said Daily States Publishing Company, Limited,- through its agents, circulated in the parish of Jefferson said false and malicious libel of and concerning your petitioner’s said minor daughter, and that thereby the petitioner’s said daughter has suffered damages in the sum of fifteen thousand dollars.”
Although the newspaper was obviously printed in Orleans Parish, the court concluded that the circulation of the newspaper in Jefferson Parish by defendant through its agents was essentially a part of the alleged libelous acts or facts, and, therefore, under the language of Art. 165 of the Code of Practice, paragraph 9, providing that, in cases where any corporation shall commit trespass, or do or fail to do anything for which an action for damage lies, it may be “sued in the parish where such damage is done or trespass committed,” the court had jurisdiction. In this regard, the court stated:
“If defendant circulated or caused to be circulated the matter in question, and if it be libelous, and if the plaintiff’s daughter has been damaged thereby, it would seem that, under the provisions of law just quoted, the courts of that parish would have jurisdiction to determine the matter.” (81 So. 324, 325.)
Therefore, the ruling of the trial court, of which defendant complained, was upheld. The matter was again before the court, under the same title, 153 La. 677, 96 So. 529. In that opinion, it was stated:
“The exception to the jurisdiction of the Twenty-Eighth judicial district court for the parish of Jefferson, was disposed of by proof of publication of said libel in the parish of Jefferson on the trial of the case.” (96 So. 529, 530.)
The defendants are sued as joint tortfeasors. Plaintiff’s petition alleges that The Associated Press was the author of the libelous matter which it presented to The Times-Picayune Publishing Corporation for publication, and that the latter published the libel and circulated its publications containing the libel in Caddo Parish and elsewhere. An action against joint or solidary obligors may be brought in any parish where such action may be maintained against either.
This conclusion is in accord with the provisions of LSA-C.C.P. Arts. 43, 45, and 73. The general rules relative to venue, as contained in Art. 42, are subject to the exceptions provided in Arts. 71 through 83 and as otherwise provided by law (LSA-C.C.P. Art. 43). LSA-C.C.P. Art. 45 provides that, where there is a conflict between two or more of Arts. 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article. Such applicable article is Art. 74 under which, as heretofore observed, an action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained.
This rule is clearly applicable to actions against joint tort-feasors. It would indeed be an anomaly to hold that, whereas each of two or more trespassers or wrongdoers may be sued in the parish where the wrongful conduct occurred or in the *441 parish where the damages were sustained, an action against them jointly, or in solido, could not be maintained in such parish. Such, clearly, was not the legislative intent.
In Wisemore v. First Nat. Life Ins. Co., 190 La. 1011, 183 So. 247, an insurance company and its agent were sued jointly and in solido because of certain alleged slanderous statements made by the agent in the course of his principal’s business. The court held that the suit could be brought at the domicile of either one of the parties defendant or at the place where the slanderous statements were made. Cited by the court as authority was the case of Jones v. Maestri, 170 La. 290, 127 So. 631, 632, wherein it was stated:
“Joint tort-feasors are solidarily liable and may be sued jointly either in the parish where the tort was committed or at the domicile of any one of the joint tort-feasors. Civ.Code, art. 2324; Code of Practice, art. 165, §§ 6, 8 and 9, as amended by Act 130 of 1926; Rathborne Lumber Co. v. Cooper, 164 La. 502, 114 So. 112.”
See, also: Gardiner v. Erskine et al., 170 La. 212, 127 So. 604.
In Mulina v. Item Co., Inc., 217 La. 842, 47 So.2d 560, the plaintiff brought an action in the Twenty-Second Judicial District Court for Washington Parish, Louisiana, for damages for an alleged libel appearing in the May 17, 1947, issue of the New Orleans Item. At the time of the publication, plaintiff was sheriff of Washington Parish. The origin of the publication was at the domicile of the newspaper in the City of New Orleans, Orleans Parish, Louisiana. To plaintiff’s action, defendant filed an exception to the jurisdiction of the court ratione personae. This exception was overruled by the district court, which ruling was upheld by the Supreme Court.
 The fact that plaintiff is not a resident of Caddo Parish does not divest the court of that Parish of jurisdiction to redress wrongs committed against him there. None of the decisions quoted sustained the jurisdiction of the trial court on the premise that plaintiff was a resident of the parish in whose court the action was instituted. To the contrary, venue was upheld because the libel was circulated there.
Likewise, LSA-C.C.P. Art. 74 makes no reference, in fixing venue, to plaintiff’s residence but rather to the locus of the wrongful conduct or damage. From this article, it clearly appears that an action in tort may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.
The wrongful conduct, the circulation of the libel, is shown to have occurred in Caddo Parish; damages to plaintiff were also shown to have been sustained in that Parish. It appears, from the written opinion, the trial court was of the opinion that the court had jurisdiction of this action so far as the same relates to damage sustained in that Parish. In this regard, reference v. as made to the Vicknair and Mulina cases, supra, wherein it was stated that obviously the plaintiffs were seeking only such damages as occurred to them in the parishes in which they lived. As we appreciate these cases, we do not understand that the damages recoverable were limited to the parish where the suit was filed or that plaintiff’s claim must be limited to damages suffered at his place of residence.
No such limitation is contained in LSA-C.C.P. Art. 74. This article, as stated, establishes venue in the parish where the wrongful conduct occurred, that is, in this case, in the parish where the libel was circulated. Actions for defamation are generally considered transitory, and the provision “where the damages were sustained” of LSA-C.C.P. Art. 74 is in the alternative.
Nor does the provision of LSA-C.C.P. Art. 74 limit the damages recoverable to those sustained only in the parish where the suit is filed. The general rule supports this view. Thus, in 53 C.J.S. Libel *442 and Slander § 158, p. 241, Jurisdiction and Venue, it is stated:
* * *
“An action may lie in one state for words published in another state where such words are slanderous at common law, or are actionable by the law of the forum, in the absence of proof of the law of the state in which published, or are actionable by the laws of such other state. * * * ”
Nor do we find any basis for defendants’ complaint that, under LSA-C.C.P. Art. 74, plaintiff may not only maintain an action in Caddo Parish but also in every parish of the state in which defendants’ publications were circulated. The all-inclusive character of plaintiff’s action excludes any basis for such a fear or apprehension, for LSA-C.C.P. Arts. 531 and 532 provide the defendants with appropriate relief. These articles provide:

Art. 531.

“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”

Art. 532.

“When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.”
Moreover, if the action proceeds to judgment, the defendants would be adequately and fully protected under the principle and plea of res judicata. LSA-C.C. Art. 2286 provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Moreover, defendants, as to actions which may be brought in other states or jurisdictions, are further protected by the full faith and credit clause of the Constitution of the United States, Art. IV, Sec. 1, which provides that
“Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. * * * ”
For the reasons assigned, we conclude that the District Court for Caddo Parish is-a court of proper venue and that it was error to transfer this cause to the Civil District Court of Orleans Parish.
Therefore, it is now Ordered, Adjudged, and Decreed that the writs of certiorari, prohibition, and mandamus heretofore issued herein are perpetuated and made final ; and, accordingly,
It is further Ordered, Adjudged, and Decreed that the judgment sustaining the exceptions of improper venue filed and urged by the defendants, The Associated Press and The Times-Picayune Publishing Corporation, be, and it is hereby, annulled, avoided, reversed, and set aside, and said exceptions are now overruled; and
It is further Ordered, Adjudged, and Decreed that the order transferring this cause to the Civil District Court in and for the Parish of Orleans, State of Louisiana, be, and the same is hereby, annulled, avoided, *443 reversed, and set aside; and, accordingly, this cause is hereby remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
The defendants are taxed with such costs as have been incurred in this court; the taxation of all other costs are to await final determination of this cause.
Reversed and remanded.