LANDRY, Judge.
Plaintiff appeals the judgment of the trial court dismissing her tort action pursuant to a plea of prescription by defendant, Johnnie Engolio, and a motion for summary judgment and plea of prescription by Engolio’s alleged insurers, Gulf Coast Adjustment Corporation and Globe Indemnity Company, respectively. We affirm.
The issue is primarily one of venue. Plaintiff’s initial petition sought recovery of damages from Engolio and Gulf Coast for injuries sustained in an automobile accident which occurred in Plaquemine, Iber-ville Parish, on October 12, 1969, allegedly due to Engolio’s negligence. The suit, which avers that Engolio is a resident of Iberville Parish, and that Gulf Coast is a non-resident corporation, was filed in East Baton Rouge Parish, October 13, 1970. Engolio was served October 21, 1970. The record does not show precisely the date of service on Gulf Coast through the Secretary of State. Engolio filed a plea of one year’s prescription on November 10, 1970. Gulf Coast filed a motion for summary judgment on November 17, 1970. Accompanying the motion was an affidavit of Gulf Coast’s President, Murphy A. Dreher, Jr., attesting that said defendant is not and never has been an insurance company and never insured defendant Engolio against liability. Plaintiff filed no counter affidavit. On November 14, 1970, plaintiff filed an amended petition alleging that Globe, a foreign insurance company, and Engolio are indebted to plaintiff for the amount sued for. Both the original and amended petition merely allege the liability of the named defendants and pray for judgment in favor of plaintiff. Neither petition suggests whether defendants be cast individually, jointly or in solido. To the amended petition, Globe filed a plea of one year’s prescription.
It is conceded that Engolio is a domiciliary of Iberville Parish and that the proper venue in this action against him alone is the Parish of his domicile. The precise type of business in which Gulf Coast engages is not made clear in the record. It is acknowledged that Globe is a foreign insurance company and that proper venue as to it is East Baton Rouge Parish.
Engolio’s plea of prescription is based on dual grounds. First, it is argued that the suit was untimely filed inasmuch as the accident occurred October 12, 1969, and the suit was not instituted until October 13, 1970. Therefore, the suit was not filed within the one year period provided by LSA-C.C. art. 3536. Alternatively, Engo-lio contends that if the suit was timely filed, it has prescribed as to him pursuant to LSA-R.S. 9:5801, because he was sued in an improper venue and service was not had upon him until more than one year following the date of the accident.
Globe contends that inasmuch as Engolio was sued in a court of improper venue, and service was not made upon him until more than one year following the accident, the mere filing of suit did not interrupt prescription as to Engolio. On this premise, Globe contends that, because the action *834 prescribed against Engolio, the subsequently filed amended petition making Globe a party was of no legal effect. In substance, Globe argues that it cannot be subjected to the jurisdiction of the court by means of an amended petition in this instance because the court did not have jurisdiction over the original defendant, Engolio, as to whom plaintiff’s claim is prescribed.
Appellant maintains that venue was proper as to Engolio because Engolio and Globe are cotort-feasors and that the proper venue for Globe is East Baton Rouge Parish as provided for by LSA-C.C.P. art. 42. Counsel for appellant argues in brief that Gulf Coast is the agent of Globe and that service of process upon Gulf Coast was notice to Globe. We note, however, that neither the original nor amended petition alleges Gulf Coast to be Globe’s agent. We also note that neither petition contains any allegation that Engolio and Globe are either cotort-feasors or solidary obligors. It is appellant’s position that since Engolio and Globe are cotort-feasors, suit could be brought against both in any venue proper to either, as provided for by LSA-C.C.P. arts. 42 and 74. Consequently, according to appellant, the mere filing of the suit within a year of the accident in a parish which was proper venue as to Globe, interrupted prescription as to both Globe and Engolio, as provided for by LSA-R.S. 9:5801.
The trial court properly sustained Gulf Coast’s motion for summary judgment. The affidavit of said movant clearly shows that it was not the insurer of En-golio as alleged by appellant. It also reflects that there was no legal basis on which movant could or should be made a party to this action and that plaintiff is clearly without right to any relief against said defendant. LSA-C.C.P. art. 966 provides that when a motion for summary judgment is accompanied by a supporting affidavit, plaintiff may not rest upon the allegations of his petition, but must file a counter affidavit establishing the existence of a genuine dispute as to a material issue of fact. Failure of plaintiff to file such a counter affidavit subjects the action to dismissal upon movant’s motion for summary judgment. White Factors, Inc. v. F & B Supplies, Inc., La.App., 211 So.2d 754.
We agree that plaintiff’s action is not amenable to a plea of one year’s prescription based on the contention that it was not timely filed. As noted, the accident occurred October 12, 1969, and suit was not filed until October 13, 1970. Actions ex delicto prescribed in one year. LSA-C.C. art. 3536. It would appear at first blush that plaintiff’s action has prescribed in that it was filed one day late. It is settled law, however, that when the last day for filing an action falls on a legal holiday, plaintiff has all of the following day on which to institute his claim. LSA-C.C.P. art. 5059; Garland v. Town of Ville Platte, La.App., 198 So.2d 451. We also note that LSA-R.S. 1:55 stipulates that October 12, Christopher Columbus Day, is a legal holiday. Since the prescriptive period in this instance ended on a legal holiday, plaintiff had all of the following day, October 13, 1970, on which to file her action. It follows that this action was timely filed.
Plaintiff’s contention that the Parish of East Baton Rouge was a proper venue for defendant Engolio, under the circumstances of this case, is without merit. Our general venue rule requires that a person domiciled in this state be sued at his domicile. LSA-C.C.P. art. 42(1); Audubon Insurance Company v. Schoell, La.App., 77 So.2d 53. The proper venue against a foreign insurer is the Parish of East Baton Rouge. LSA-C.C.P. art. 42(7).
The general domicile rule contained in LSA-C.C.P. art. 42(1) is subject to the exception contained in LSA-C.C.P. art. 74, *835 which provides that an action for an offense or quasi offense may be brought either in the parish where the wrong was committed or where the damages were sustained.
When a conflict exists between the provisions of LSA-C.C.P. arts. 42 and 74, plaintiff may elect to bring his action in any venue provided by any applicable venue provision. LSA-C.C.P. art. 45(3). It is well established that an action against cotort-feasors may be brought in a venue which is proper to either. Jones v. Maestri, 170 La. 290, 127 So. 631. Counsel for appellant is in error in contending that an insurer and its insured, sued for an alleged tort committed by the insured, are joint or cotort-feasors. It is elementary that the relationship between an insurer and its insured under such circumstances is that of solidary obligors. Cunningham v. Hardware Mutual Casualty Company, La.App., 228 So.2d 700.
The rule of venue as between solidary obligors is found in LSA-C.C.P. art. 73, which reads as follows :
“An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.”
Pursuant to Article 73, above, plaintiff could have sued Engolio and his liability insurer in East Baton Rouge Parish which would have been proper venue as to both. However, in this action it is clear that plaintiff did not initially join Engo-lio’s insurer. Rather, plaintiff originally impleaded an alleged solidary obligor whose motion for summary judgment was sustained upon the uncontested showing that said alleged solidary obligor was not in fact Engolio’s insurer, and bore no legal relationship whatsoever to the reputed insured. Since Gulf Coast was not in fact a solidary obligor of defendant Engolio, the action must be considered as though it were filed against Engolio alone. Since the venue was not proper in an action as against Engolio alone, the mere timely filing of the suit did not interrupt prescription as to him. When suit is brought in a court of improper venue, prescription is not interrupted unless service is made upon the defendant within the prescriptive period. LSA-R.S. 9:5801; Flowers v. Pugh, 51 So.2d 136.
Neither can the provisions of LSA-C.C.P. art. 73, paragraph 2, be of any comfort to appellant under the circumstances. We note that the cited statute recites that if an action against one solidary obligor is compromised or dismissed after trial on the merits, venue shall remain proper as to the remaining defendants. We are of the view that the scope of this article should not be extended beyond its express terms inasmuch as it derogates from the provisions of our general venue rule which requires that an individual be sued at his domicile.
We believe the intent of Article 73, above, to be that if several defendants are in fact solidary obligors, the suit may be continued in a venue proper to one who has compromised the claim against him or who has been dismissed, for some legal cause, after trial on the merits. The present action does not fall within either category envisioned by article 73, above. In this case, one of the alleged solidary ob-ligors was dismissed from the action before trial on the merits because of a showing that there was in fact no legal relationship whatsoever between the alleged solida-ry obligors. To hold that prescription was *836 interrupted as to Engolio by the mere filing of suit, under the circumstances, would obviously emasculate the provisions of LSA-C.C.P. art. 42(1) and lead to absurd consequences. Such a rule would enable a plaintiff to subject a defendant to trial in an improper venue by the simple expedient of joining a party totally devoid of interest in the matter, alleging said party to be a solidary obligor and bringing the action in a venue proper to the party without interest. It suffices to state the results would be staggering.
The joining of defendant Globe by amended petition, after prescription had run against Engolio, is utterly devoid of legal effect.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.