371 So.2d 1215 (1979)
Theron P. DUFRENE
v.
Dr. Thomas L. DUNCAN et al.
No. 10464.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1979.
*1216 Adams & Reese, Henry B. Alsobrook, Jr., and Edward D. Markle, New Orleans, for relator.
Paul L. Billingsley, for plaintiff.
Before LEMMON, BOUTALL and BEER, JJ.
LEMMON, Judge.
Defendant doctors applied for supervisory writs under C.C.P. art. 2201, complaining of the trial court's ruling on their exception of no cause of action. We granted a writ of review to ascertain the correctness of the ruling, because on the undisputed facts the judgment appeared to be erroneous, and because reversal under our supervisory jurisdiction would terminate the litigation and avoid the necessity of a trial on the merits. Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978).
On June 14, 1977 plaintiff, in proper person, filed a suit based on medical malpractice in a June 14, 1976 surgical procedure. In August, 1977 plaintiff, through counsel, filed a request for review of his claim by a medical review panel pursuant to R.S. 40:1299.47 A.
Defendants filed an exception of no cause of action, urging the applicability of R.S. 40:1299.47 B, which provides:
"No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived."
The trial court overruled the exception, but stayed the proceedings until the disposition by the medical review panel.[1] This court then granted defendants' application for supervisory writs.
Under the clear provisions of the quoted statute, a claimant must allege either that the health care provider is not covered by the statute or that the claim has been presented to a medical review panel which has rendered an opinion. A petition without these essential elements does not state a cause of action for medical malpractice.
Moreover, since the grounds of the objection pleaded by the peremptory exception cannot be removed by amendment, C.C.P. art. 934 mandates that "the action shall be dismissed".[2] Defendants are entitled to the relief sought.
*1217 Accordingly, the judgment of the trial court is reversed, and it is now ordered that the exception of no cause of action be maintained and the suit dismissed.
REVERSED AND RENDERED.
BOUTALL, Judge, concurring.
I concur in the result but am of the opinion that the proper proceeding to attack this petition is the dilatory exception of prematurity. C.C.P. art. 926.
NOTES
[1] The trial court stayed the proceedings, instead of maintaining the exception and dismissing the suit, in order to avert prescription problems. However, filing of a suit interrupted prescription, and the request for review by a medical review panel, filed while the suit was still pending, further suspended the running of prescription under R.S. 40:1299.47 A.
[2] Although only the petition may be considered in determining the exception of no cause of action, the record fact that defendants are covered by the statute may be considered in determining whether the grounds for the objection can be removed by amendment.