369 So.2d 1092 (1979)
Norma DUPONT
v.
The DOCTOR'S HOSPITAL et al.
No. 12466.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 1, 1979.
*1093 William C. Dupont, Plaquemine, of counsel for plaintiff-appellant Norma Dupont.
Donald S. Zuber, Baton Rouge, of counsel for defendant-appellee Hospital Affiliates of Baton Rouge, Inc. d/b/a Doctors Memorial Hospital.
Before ELLIS, CHIASSON and SARTAIN, JJ.
ELLIS, Judge
Plaintiff, Mrs. Norma Dupont, claims that she was injured on May 23, 1977, by the negligent acts of the employees of the defendant hospital. On May 22, 1978, plaintiff wrote to the Commissioner of Insurance of Louisiana, requesting a review of her claim for damages arising therefrom, pursuant to R.S. 40:1299.47. At some time thereafter, plaintiff was notified that the defendant hospital had not qualified as a health care provider as of the date of the injury, and was, therefore, not covered by the Medical Malpractice Act, R.S. 40:1299.41 et seq. This suit was filed on June 2, 1978, and service was had on an employee of defendant on June 7, 1978.
Defendant filed a declinatory exception to the citation and service, and a peremptory exception of prescription. The trial court maintained the exception of prescription, and plaintiff has appealed.
Plaintiff concedes that the suit was filed more than one year after the alleged injury, and would ordinarily be prescribed under the provisions of Articles 3536 and 3537 of the Civil Code and R.S. 9:5628. However, she claims that prescription was interrupted by the writing of the letter to the Commissioner of May 22, 1978.
The Medical Malpractice Act provides for certain limitations on the right of recovery and for the review of claims filed against those covered by the act by a Medical Review Panel. R.S. 40:1299.47(A), provides, in part:
"A. All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section.
"The filing of the request for review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following the issuance of the opinion by the medical review panel. The request for review of a claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the commissioner or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail.
"It shall be the duty of the commissioner of insurance within five days of the receipt of the claim to:
"(1) Confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part."
It is argued that whether the defendant has qualified for coverage by the act is of no moment insofar as the interruptive effect of filing a claim with the Commissioner is concerned. The contention is without merit.
R.S. 40:1299.41(D) provides:
"D. A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health *1094 care provider does not so qualify, the patient's remedy will not be affected by the terms and provisions of this Part."
Interpreting the foregoing provision in the recent case of Everett v. Goldman, 359 So.2d 1256, 1261 (La.1978), the court said:
"The most significant provisions of the act fit generally in the following scheme. A health care provider (and this category includes physicians, hospitals, dentists, registered nurses, practical nurses, pharmacists, optometrists, podiatrists, chiropractors, physical therapists, psychologists, or any officer, employee or agent thereof acting in the course and scope of his or her employment) has the option of qualifying under the act. R.S. 40:1299.41(A)(1). If he or she does not qualify, that person is not covered by the provisions of the statute and the patient's remedy is not affected by the terms and provisions of the statute. R.S. 40:1299.41(D). Thus the patient of a health care provider who has not qualified is no different from any other tort or contract victim, while the patient of a qualified health care provider (one who has qualified under the act) is regulated by the act insofar as malpractice recovery is concerned."
We therefore hold that filing a claim with the Commissioner of Insurance against a health care provider who is not covered by the Medical Malpractice Act does not interrupt the running of prescription on the claim. Article 3521, Civil Code.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.
CHIASSON, Judge, dissenting:
The record reveals that appellant filed a claim with the commissioner of insurance pursuant to La.R.S. 40:1299.47. Under the provisions of that statute the commissioner of insurance is required, within five days of the receipt of the claim, to confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under the provisions of La.R.S. 40:1299.41 et seq. The claim must be filed before the notification provisions of the law become effective.
Appellant's letter was dated May 22, 1978, one day before the running of prescription on her tort claim. By letter dated May 30, 1978 and received June 2, 1978, the commissioner of insurance informed the appellant that the named defendant, appellee, was not qualified under the provisions of La.R.S. 40:1299.41 et seq. Appellant filed suit the same day this letter was received, June 2, 1978. I believe that appellant timely filed her claim and that the prescriptive period of one year was suspended until the day appellant received notification that the health care provider was not qualified under La.R.S. 40:1299.41 et seq.
For these reasons, I am of the opinion that the exception of prescription should have been overruled.
I therefore respectfully dissent.