374 So.2d 1205 (1979)
Marilyn FERGUSON
v.
Dr. Carl LANKFORD.
No. 63998.
Supreme Court of Louisiana.
September 4, 1979.
*1206 Charles L. Mayer, Mayer, Smith & Roberts, Shreveport, for defendant-respondent.
Wayne H. Carlton, Jr., Orlando G. Bendana, Law Office of Bendana & Carlton, New Orleans, for plaintiff-applicant.
DIXON, Justice.
Writs were granted in this medical malpractice suit to consider whether it had prescribed (since it was filed more than a year after plaintiff was informed of the cause of her illness), or whether prescription had been interrupted by the timely filing of a claim against a hospital said to be solidarily liable with the doctor. The doctor, defendant in this suit, had not "qualified" under the Medical Malpractice Act. (R.S. 40:1299.41, ff.); the hospitalthe sole defendant in the Medical Malpractice Act proceeding had "qualified."
On January 13, 1977 plaintiff, Marilyn Ferguson, gave birth to a child at Lincoln General Hospital in Ruston. Dr. Lankford was the attending physician. After her discharge from the hospital, plaintiff complains that she began to suffer severe abdominal pain, hemorrhaging, passing of blood clots and uterine infection. On January 31, 1977 plaintiff was readmitted to the hospital and alleges that defendant told her that her hospitalization was due to his failure to remove completely the placenta when he delivered her child. On January 26, 1978 plaintiff filed with the insurance commissioner, pursuant to the Medical Malpractice Act of 1975, a claim against the physician and the hospital, contending her hospitalization on January 31, 1977, and her resulting treatment, were caused by the joint negligence of both parties. In response to plaintiff's request for convening a medical review panel, the insurance commissioner, by letter of February 2, 1978, indicated that the hospital was qualified as a "health care provider" under R.S. 40:1299.41, but that there was no record that the physician had qualified. On March 7, 1978 plaintiff filed the present suit against Dr. Lankford alleging that his negligence in failing to inspect properly the placenta and uterus and to remove completely the placenta caused plaintiff's injuries.
In sustaining the defendant's exception of prescription, the district court found that plaintiff's claim prescribed one year from January 31, 1977, the date when plaintiff discovered the act of malpractice, and observed that no statutory provision suspended prescription of a claim filed against one who is not a "health care provider" under the Medical Malpractice Act. The Court of Appeal affirmed (in an unpublished opinion), finding that there was no showing that the doctor and hospital were joint tortfeasors, and that, if a doctor is not "qualified" under the act, the patient's remedy is "not affected." R.S. 40:1299.41(D).
R.S. 9:5628 provides in part:
"No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; ..."
See also C.C. 3536.
Plaintiff contends that the filing of a request for a medical review panel pursuant to the Medical Malpractice Act provides plaintiff with an additional ninety days whether or not the defendant has qualified for coverage by the act, because prescription is interrupted or suspended by filing a claim with the insurance commissioner.
*1207 Plaintiff relies on the provisions of R.S. 40:1299.47(A) which states in part:
"All malpractice claims against health care providers covered by this Part, . . shall be reviewed by a medical review panel established as hereinafter provided in this Section. The filing of the request for review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following the issuance of the opinion by the medical review panel." (Emphasis added).
This contention lacks merit. The Medical Malpractice Act specifically provides in R.S. 40:1299.41(D):
"A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health care provider does not so qualify, the patient's remedy will not be affected by the terms and provisions of this Part."
In reviewing the above provision in Everett v. Goldman, 359 So.2d 1256 (La.1978), we noted:
"The most significant provisions of the act fit generally in the following scheme. A health care provider (and this category includes physicians, hospitals, ...) has the option of qualifying under the act. R.S. 40:1299.41(A)(1). If he or she does not qualify, that person is not covered by the provisions of the statute and the patient's remedy is not affected by the terms and provisions of the statute. R.S. 40:1299.41(D). Thus the patient of a health care provider who has not qualified is no different from any other tort or contract victim, while the patient of a qualified health care provider (one who has qualified under the act) is regulated by the act insofar as malpractice recovery is concerned." 359 So.2d at 1261-1262.
The ninety day suspension of R.S. 40:1299.47(A) follows "the issuance of the opinion by the medical review panel," and obviously was not intended to be applicable to cases in which no panel was convened because the "health care provider" was not "qualified" under the act. Prescription was not "suspended" by this provision.
Prescription was, however, suspended on plaintiff's claim against the hospital, a "qualified health care provider," by filing the claim with the insurance commissioner pursuant to the Medical Malpractice Act provisions. Therefore, the question is whether suspension of prescription running on the claim against the hospital affects prescription running on the claim against the doctor.
In her claim timely filed with the insurance commissioner pursuant to the Medical Malpractice Act, plaintiff alleged that her injuries were caused by the joint negligence of the hospital and the defendant doctor. Joint tortfeasors are liable in solido. Reeves v. Louisiana and Arkansas Ry. Co., 282 So.2d 503 (La.1973); Jones v. Maestri, 170 La. 290, 127 So. 631 (1930); C.C. 2324. "When the actionable negligence of two tort feasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable." Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 480, 137 So.2d 298, 301 (1962). When debtors are "all obliged to the same thing, so that each may be compelled for the whole," the obligation is in solido. C.C. 2091. Quatray v. Wicker, 178 La. 289, 151 So. 208 (1933). "A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, ..." C.C. 2103.
If plaintiff, after the completion of the Medical Malpractice Act procedures, files suit timely against the hospital, the hospital is entitled to implead the doctor to assert its right of contribution against a joint tortfeasor. C.C. 2103. Although the injured party's right and the joint tortfeasors' obligations to the injured party arise at the same time, the right of one joint tortfeasor to contribution from the other does not arise until after judicial demand is made on one of the solidarily obligated tortfeasors. *1208 Brown v. New Amsterdam Casualty Co., 243 La. 271, 142 So.2d 796 (1962); Lanier v. T. L. James & Co., 148 So.2d 100 (La.App. 1962). If prescription running against plaintiff's claim has not been interrupted, the obligation of the doctor to the hospital for contribution (if, indeed both are tortfeasors) would not have prescribed, in spite of the fact that he had been liberated from liability to the injured patient.
It would seem to follow logically that, since "[e]very act, which interrupts prescription with regard to one of the creditors in solido avails the other creditor [creditors]", every interruption with regard to one of the solidary debtors would avail the creditor. The code does not so provide, nor does our jurisprudence. Suit against one debtor bound in solido will interrupt prescription as to the others (as will an acknowledgment). C.C. 2097; R.S. 9:5801. But if one of the acts, described in code or statutes as interrupting prescription running in favor of a debtor, does not occur, there is no interruption. Here there was no suit, in any court, and no acknowledgment.
In Dupont v. Doctor's Hospital, 369 So.2d 1092 (La.App.1979), the Court of Appeal held that a claim against a hospital, filed with the commissioner of insurance pursuant to R.S. 40:1299.47, on the day before prescription ran, did not interrupt prescription when the hospital had not qualified under the Medical Malpractice Act. This was for the reason that the statute provided that "the patient's remedy will not be affected by the terms and provisions of this Part" if the health care provider against whom the claim is made had not qualified under the act. We denied writs. 371 So.2d 834 (La.1979). Although there was no claim against a joint tortfeasor in the Dupont case, that case indicates that the courts considered the legislative intent to have been express: a claim under the Medical Malpractice Act against a "health care provider" who had not "qualified" would not be affected by the Medical Malpractice Act.
In order now to say that a claim, timely filed against health care providers, one "qualified" and one not "qualified," interrupts prescription running in favor of both, it would be necessary to hold that a proceeding under the Medical Malpractice Act is equivalent to a suit. It is not.
Suit against one solidary obligor will interrupt prescription as to all; filing a claim under the Medical Malpractice Act will not interrupt prescription against solidary obligors who are not "qualified" under the act.
The judgment appealed from is affirmed, at relator's cost.