379 So.2d 784 (1979)
Joyce W. CHIVLEATTO
v.
Mildred A. DIVINITY et al.
No. 11137.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1979.
*785 C. G. Norwood, Lawrence J. Centola, Jr., New Orleans, for relators.
John H. Brooks, Gretna, for respondent.
Before REDMANN, LEMMON and SCHOTT, JJ.
REDMANN, Judge.
A nurse and a hospital apply for writs to review a trial court's ruling which merely stayed a malpractice action, in ruling on an exception of no cause of action based on the Medical Malpractice Act, La.R.S. 40:1299.47(B).[1]
It does not appear from the application and its attachments that either applicant showed in the trial court that she or it is "a health care provider covered by this Part" within La.R.S. 40:1299.47(B) (emphasis added). § 40:1299.41(D) provides:
A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part....
[Emphasis added]
Unless a health care provider qualifies it is clearly not "covered," Everett v. Goldman, La.1978, 359 So.2d 1256, and the one year medical malpractice prescription of R.S. 9:5628 runs immediately from the malpractice or its discovery, without suspension by any request for a medical review panel, Ferguson v. Lankford, La.1979, 374 So.2d 1205.
This application, unlike that in Dufrene v. Duncan, La.App. 4 Cir., 1979, 371 So.2d 1215, does not show that applicants have qualified and are therefore covered under *786 the statute. Ferguson therefore prevents dismissing this lawsuit on an exception of no cause of action whose sole basis is failure to allege non-coverage by the Medical Malpractice Act.
The general law, La.C.C. 2315, is that everyone (including health care providers) is liable for the damages he causes. The exception under the special law for health care providers provides an exception to the general law, not in favor of all health care providers but only in favor of all covered health care providers. The conventional rule is that one claiming the benefit of an exception to the general law must show that he comes within the exception; Hortman-Salmen Co. v. White, 1929, 168 La. 1049, 123 So. 709. Otherwise every plaintiff would have to allege (to state a cause of action?) that his defendant is not a covered health care provider. That is simply not the law; to the contrary, it is the defendant who must show that he is a covered health care provider, or that he enjoys any other immunity from suit.
The exception of no cause of action is not an appropriate pleading for presenting the objection that defendant is a covered health care provider because no evidence can be introduced on that exception, La.C. C.P. 931. The dilatory exception pleading prematurity would have afforded the opportunity to present evidence, C.C.P. 930, and would have been an appropriate pleading leading to a possible dismissal, C.C.P. 933; Goldman, supra.
Because Dufrene, 371 So.2d at 1216, n.2, spoke of the "record fact that defendants are covered by the statute," we deem Dufrene's dismissal of the suit correct. But our case has no such "record fact" and to dismiss it for failure to state a cause of action would be error, notwithstanding the expression in Dufrene (not essential to its result) that a petition does not state a cause of action if it fails to allege that a defendant is not a covered health care provider.
Accordingly, the trial judge did not err in refusing to dismiss plaintiff's petition on defendant's exception of no cause of action. Writs are therefore refused.
WRITS REFUSED.
LEMMON, J., concurs.
NOTES
[1] No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived.