381 So.2d 877 (1980)
Ray TRAVASOS and Lucus Travasos
v.
NEW ORLEANS METAIRIE HOSPITAL FOUNDATION et al.
No. 11197.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1980.
Henry B. Alsobrook, Jr., Donna L. Yukna, New Orleans, for relators.
Bernard E. Burk, New Orleans, for respondents.
Before SCHOTT, CHEHARDY and HOOD, JJ.
SCHOTT, Judge.
We granted certiorari on the application of Alton Ochsner Medical Foundation, Ochsner Clinic, Ochsner Foundation Hospital, and Dr. John Holland, in order to consider whether a judgment overruling exceptions filed by them is valid considering the provisions of the Louisiana Medical Malpractice Act.
On March 12, 1979, plaintiffs Ray and Lucus Travasos, as the husband and child of the decedent, Shirley Travasos, brought this suit for her wrongful death against a number of medical defendants including relators. They prayed for judgment in the amount of $1,764,000 jointly and in solido against all defendants based upon allegations of medical malpractice on their part. Relators responded with an exception of no right or cause of action on the grounds that they were qualified health providers under LSA R.S. 40:1299.42 and that the provisions of R.S. 40:1299.41(E) and R.S. 40:1299.47(B) were violated. These statutes provide as follows:
"R.S. 40:1299.41(E)
Subject to R.S. 40:1299.47, a patient or his representative having a claim under this Part for bodily injury or death on account of malpractice may file a complaint in any court of law having requisite jurisdiction. No dollar amount or figure shall be included in the demand in any malpractice complaint, but the prayer shall be for such damages as are reasonable in the premises."
* * * * * *
"R.S. 40:1299.47(B)
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of *878 the medical review panel may be waived."
At the time of the filing of the petition the proposed complaint against relators had not yet been presented to a medical review panel as required by R.S. 40-1299.47(B). However, by the time relators' exceptions came to trial plaintiffs amended their complaint to add an allegation that relators were qualified health care providers under the statute, a medical review panel was convened, and the panel rendered its opinion. All other allegations of the petition were reiterated. The judgment of the trial court denied relators' exception based on R.S. 40:1299.47(B) as moot and simply denied the other exception based on the violation of R.S. 40:1299.41(E).
The trial court's holding that the exception under R.S. 40:1247(B) was moot is apparently based on the reasoning that the original petition did not state a cause of action because it did not contain allegations either that relators were not covered, or that the claim had been presented to a medical review panel which had rendered an opinion as in Dufrene v. Duncan, 371 So.2d 1215 (La.App. 4th Cir. 1979). He reasoned further that the amendment to the petition related back to the original filing under LSA-C.C.P. Art. 1153, so that the original infirmity of the petition was cured by the amendment and the exception of no cause of action became moot.
However, in Chivleatto v. Divinity, 379 So.2d 784 (La.App. 4th Cir. 1979) we held that the failure on the part of a plaintiff to allege that the medical defendant is not a qualified health provider, does not make the petition vulnerable to an exception of no cause of action. We pointed out that a more proper procedural device leading up to the dismissal of such a defective petition is the dilatory exception of prematurity as in Everett v. Goldman, 359 So.2d 1256 (La.1978). Thus, we have concluded that plaintiffs stated a cause of action in their original petition, the amendment was unnecessary in order to cure any defect in that regard, and the judgment overruling the exception of no cause of action based on R.S. 40:1299.47(B) was correct.
As to the exception based on R.S. 40:1299.41(E) we have concluded that relators' position has merit and they are entitled to relief. The statute is unequivocal. It limits the prayer for damages against qualified health providers to such damages "as are reasonable in the premises" and specifically prohibits the inclusion of a dollar amount in the prayer. In Everett v. Goldman, supra, the constitutionality of this provision was specifically upheld with the court noting the legislature's belief that this provision would have "a beneficent influence in effecting reasonable jury awards, gradually causing them to be reduced to what are viewed as more appropriate levels." Where a statute confers a specific benefit on a class of defendants including relators and that statute was ignored by plaintiffs, relators suffer irreparable injury in that they are subjected to a lawsuit specifically prohibited by the legislature. Furthermore, as we interpret the court's opinion in the Everett case subjecting relators to trial before a jury with the specific dollar amount included in the prayer might result in irreparable injury to relators. We are not persuaded by plaintiffs' argument that the statute is not applicable because some of the defendants are not covered by the act. Plaintiffs' inclusion of defendants who are not covered cannot operate to deprive the covered defendants of their rights under the statute.
Under the provisions of the act plaintiffs have no cause of action against relators for damages in the amount of $1,764,000; their only cause of action being for damages "as are reasonable in the premises." Thus, the trial court erred in overruling this exception and same will be maintained with leave to plaintiffs to amend their petition as set forth in C.C.P. Art. 934.
Accordingly, the portion of the judgment of November 9, 1979, overruling relators' exception based on R.S. 40:1299.47(B) is affirmed, but that portion of the judgment overruling relators' exception based on R.S. 40:1299.41(E) is reversed. The exception is *879 maintained with plaintiffs given leave to amend their petition to strike out the dollar amount of damages claimed against relators and to substitute for the dollar amount an amount of damages "as are reasonable in the premises." The case is remanded to the district court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.