400 So.2d 354 (1981)
James ROBERTS
v.
Courtney L. RUSSO, M. D., et al.
No. 12171.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1981.
*355 H. Martin Hunley, Jr., and Lynne W. Wasserman, New Orleans, for relator.
Carl J. Schumacher, Jr., New Orleans, for respondent.
Before SAMUEL, REDMANN and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff's petition alleges: He underwent two surgical procedures as a result of a back injury. The first, a lumbar laminectomy, was performed by the defendant, Dr. Courtney L. Russo, on April 29, 1977. The second, a hemilaminectomy, was performed by the other individual defendant, Dr. Michael E. Carey, on November 2, 1977. Dr. Russo assisted Dr. Carey in the second operation. Dr. Russo was negligent in the first operation and both surgeons were negligent in the second.
The petition seeks an in solido recovery against the two surgeons and Dr. Russo's professional liability insurer for injuries claimed to have been incurred by plaintiff as a result of the alleged negligence of both individual defendants.
Based on the fact that he was a qualified health provider under the provisions of the Louisiana Medical Malpractice Act of 1975,[1] and had not been afforded his right to a medical panel review as provided by that statute,[2] Dr. Russo filed an exception of *356 prematurity to plaintiff's petition. The other individual defendant, Dr. Carey, was not covered by the statute. Plaintiff does allege he did file a request for a medical panel review and, although no proof has been offered showing that such a request actually was filed, relator concedes in brief that such a request was filed by the plaintiff on the day the suit was filed. However, it is clear that no opinion has been rendered by a panel.
Following a hearing thereon, the trial court dismissed the exception of prematurity, Dr. Russo then applied to this court for writs from that dismissal, and we granted certiorari.
In his reasons for judgment, the trial court stated the exception should be dismissed for two reasons: (1) As Dr. Carey was an indispensable party to the action, to delay the matter until a medical panel could be selected and make its determination would amount to a miscarriage of justice; and (2) the Medical Malpractice Act is special legislation ("special" as "specific" or "particular" rather than in the constitutional sense of "special law" under Article 3, Section 12 of the 1974 Constitution), which cannot be reconciled with the general law as set forth in the Code of Civil Procedure, and under these circumstances the general law prevails. We do not agree with either ground for dismissal.
Regarding the first ground, the fact that the defendants, one or all three of them, may be indispensable parties plays no part in a consideration of the exception. If there is any liability on the part of the defendants, such liability results from the alleged negligence of the two surgeons and, as the petition correctly alleges, the defendants are solidary obligors.[3] The law does not require that solidary obligors be joined as defendants. The second paragraph of C.C.P. Art. 643 provides:
"One or more solidary obligees may sue to enforce a solidary right, and one or more solidary obligors may be sued to enforce a solidary obligation, without the necessity of joining all others in the action." (Emphasis ours.)[4]
Insofar as the second ground for dismissal is concerned, we do not find that the Medical Malpractice Act is inconsistent or in conflict with the Code of Civil Procedure. However, even if it were, the Malpractice Act, which is both more recent and specifically directed toward a particular subject, must prevail. Our jurisprudence is that where there is an irreconcilable inconsistency or conflict between a generalized law and a law specifically directed toward a particular subject, the specific law must be followed.[5] As the court said in State ex rel. v. Bickman v. Dees,[6] at page 291:
"Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but that if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character."
The dilatory exception of prematurity is proper, it must be maintained, and plaintiff's suit must be dismissed as to the defendant, Russo.[7]
*357 For the reasons assigned, the writ sought by relator is made peremptory, the judgment therein complained of is reversed, the exception of prematurity is maintained, and plaintiff's suit as against Courtney L. Russo, M. D., is dismissed at plaintiff's cost in both courts.
REVERSED.
NOTES
[1] LSA-R.S. 40:1299.41, et seq.
[2] LSA-R.S. 40:1299.47 A, in pertinent part, and LSA-R.S. 40:1299.47 B read:

"A. All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section."
"B. No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived."
[3] LSA-C.C. Arts. 2091 and 2324; Ferguson v. Lankford, La., 374 So.2d 1205; Reeves v. Louisiana and Arkansas Railway Company, La., 282 So.2d 503; Jones v. Maestri, 170 La. 290, 127 So. 631; Dixie Drive It Yourslf Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298.
[4] Inabinet v. State Farm Automobile Insurance Co., La.App., 262 So.2d 920.
[5] State ex rel. Bickman v. Dees, La., 367 So.2d 283, and cases cited therein.
[6] Footnote 5 supra.
[7] LSA-R.S. 40:1299.47 B; LSA-C.C.P. Arts. 926, 933; Everett v. Goldman, La., 359 So.2d 1256; Desselles v. Brumfield, La.App., 386 So.2d 191; Travasos v. New Orleans Metairie Hospital, La.App., 381 So.2d 877; Chivleatto v. Divinity, La.App., 379 So.2d 784; Knepper v. State, Dept. of Health & Hum. Res. Admin., La.App., 359 So.2d 1127.