REDMANN, Judge.
Sued for medical malpractice, defendant physician excepted on the grounds of prematurity, because (unlike the nurse and hospital in Chivleatto v. Divinity, La. App. 4 Cir. 1979, 379 So.2d 784), he showed he had qualified and is “covered” by the Medical Malpractice Act, La.R.S. 40:1299.-41-48. The trial court sustained the exception but merely stayed the suit instead of dismissing it.
We grant writs and dismiss as expressly required both by La.C.C.P. 933’s general rule “If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed” and by R.S. 40:1299.47B’s special rule “No action against a health care provider covered by this Part, . . . may be commenced in any court of this state before . . . presented to a medical review panel. . . . ”
Plaintiffs’ fear that their claim will be prescribed is answered by R.S. 40:1299.-47A: “The filing of the request for review of a claim shall suspend the time within which suit must be instituted, until ninety days following the issuance of the opinion by the medical review panel.” Plaintiffs did file a request the same day they filed their suit and are thereby protected against the running of prescription.
*193 Plaintiffs’ further argument, based on the alleged co-tortfeasor hospital’s not being covered by the Medical Malpractice Act, really directs itself against sustaining the exception, and not against dismissing as opposed to staying the suit. The problem of trying the claim twice (like the problem of nonjoinder of an allegedly indispensable party — ordinarily pleaded by defendant) is present even if the suit were merely stayed. This is a problem of a sizeable, perhaps constitutional dimension, but there was no application by plaintiffs for writs to reverse the sustaining of the exception, and there was no attack in the trial court on this aspect of the statute as applied to a case like ours — just as there was no attack on the basis, also argued in plaintiffs’ opposition to writs, that the statute is defeating justice because “in 1978, of 394 claims filed only one has resulted in a paid claim.”
It is therefore ordered that the Honorable Joseph V. DiRosa, Judge, Civil District Court for the Parish of Orleans, Division “F” (L), recall his ruling staying these proceedings as to defendant Brumfield and in lieu thereof enter a dismissal of that defendant at plaintiffs’ cost.