BOUTALL, Judge.
This appeal is taken by the plaintiffs of a medical malpractice suit for alleged injuries sustained while in the hospital. The defendants filed exceptions of prematurity for plaintiffs’ failure to present the claim to a medical review panel before filing this lawsuit. The trial court sustained defendants’ exceptions and we affirm.
On February 25, 1980, Mrs. Richard Authement delivered a baby while under the care of Dr. Cyriac T. Luke at St. Charles Hospital. It is alleged that during the course of the delivery Dr. Luke negligently performed an unnecessary midline episiotomy with a fourth degree extension which caused a rectovaginal fistula. The Authements filed a suit on this action on February 25, 1981, against Dr. Luke and St. Charles Hospital. The defendants filed exceptions of prematurity arguing that Authements’ claim must first be reviewed by a medical review panel (R.S. 40:1299.47). The court sustained those exceptions.
The plaintiffs appeal that decision arguing that the procedure outlined in R.S. 40:1299.47 is unconstitutional. That article provides in pertinent part:
“No action against a healthcare provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived.”
This very issue was presented to our Supreme Court in Everett v. Goldman, 359 So.2d 1256 (La.1978). The court stated, at 1267:
“. .. [t]he requirement that malpractice claims be filtered through a medical review panel is not unreasonable and seems to be a rational effort to accomplish a plausible goal. A panel determination adverse to a malpractice claimant’s interests does not preclude his filing a lawsuit.”
The Everett decision makes clear the constitutionality of R.S. 40:1299.47; accordingly, we affirm the judgment maintaining defendants’ exceptions of prematurity, dismissing plaintiffs’ suit at their costs. See Desselles v. Brumfield, 386 So.2d 191 (La.App. 4th Cir. 1980); Roberts v. Russo, 400 So.2d 354 (La.App. 4th Cir. 1981).
AFFIRMED.