439 So.2d 1240 (1983)
Carol Aston, Wife of/and William ASTON
v.
Edward LAZARUS, M.D., Lakeside Hospital, Hartford Insurance Company, and Evanston Insurance Company.
No. 83-CA-270.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
*1241 Carol Lynn Doskey, Dymond, Crull & Castaing, New Orleans, for plaintiffs-appellants.
Harold A. Thomas, F. Lee Butler, Adams & Reese, New Orleans, for defendants-appellees.
Before BOUTALL, C.J., and KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
Carol Aston, et ux, devolutively appeals from a judgment sustaining an exception of prematurity, thereby dismissing their claim of medical malpractice against Dr. Edward Lazarus and his insurer, Evanston Insurance Company, and against Hospital Corporation of Louisiana, Inc., the owner-operator of Lakeside Hospital, defendants. We affirm.
According to the petition, on June 18, 1981, Carol Aston was admitted to Lakeside Hospital and a caesarian section delivery of her infant was performed by her physician, Dr. Lazarus. During her convalescence at the hospital, a serious post-operative wound infection developed, causing her to be confined to the hospital until July 3, 1981.
On June 16, 1982, plaintiffs filed suit alleging negligence in the treatment she received and praying for damages in solido against all defendants. The doctor and his insurer filed exceptions of prematurity stating the doctor was a health care provider; therefore, the suit was premature because plaintiffs failed to comply with La.R.S. 40:1299.47B. (1), which reads as follows:
B. (1) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section and an opinion is rendered by the panel. By agreement of both parties, the use of the medical review panel may be waived.
In response, plaintiffs filed a pleading entitled Opposition to Defendants' Exception of Prematurity in which they allege the Medical Malpractice Act, as applied to plaintiffs' claims, would not avail them of the alleged benefits of the Act and further made the following allegation:
"The Act is unconstitutional in that it deprives Mr. and Mrs. Aston of the equal protection of the laws without providing the societal benefit it was designed to achieve."
The trial judge sustained the exception of prematurity and dismissed plaintiffs' suit against the doctor and his insurer without prejudice.
On appeal, plaintiffs assign as error the trial court's failure to find the Medical Malpractice Act, La.R.S. 40:1299.47, et seq., unconstitutional *1242 as a denial of equal protection and procedural due process. In support of this contention she files an extensive brief citing decisions of courts in the States of Florida, Missouri, Idaho and California, holding unconstitutional the same or similar provisions of Medical Malpractice Acts requiring a pre-suit medical review before filing suit and absolute limits of recovery, etc. Although the arguments made and supported by the cases in foreign jurisdictions might be persuasive to this court, the posture in which the issues are presented binds us to the prior rulings of this court and of the Supreme Court.
Well settled law in this jurisdiction is the legal presumption that all laws are presumed to be constitutional until the contrary is made to appear. Further, as a general rule, a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized. Johnson v. Welsh, 334 So.2d 395 (La.1976). Moreover, there is a long standing judicial principal that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Benson & Gold Chevrolet v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); Collins v. Division of Foster Care, etc., 377 So.2d 1266 (La.App. 4th Cir.1979).
Here, the plaintiffs seek to raise the constitutionality of the entirety of the Medical Malpractice Act, in response to a plea of prematurity grounded solely in the provisions of La.R.S. 40:1299.47(B). Thus, under the principles above stated, even though the plaintiffs' pleadings were construed as sufficient to raise all the issues presented in their brief, our inquiry has to be limited to the issue as to the constitutionality of La.R.S. 40:1299.47(B) because the different provisions of the Act are severable and the only one necessary to a resolution of the case here is that section.
Under the limited inquiry created by the posture[1] in which the issues are presented we are bound by the prior rulings of the Supreme Court in Everett v. Goldman, 359 So.2d 1256 (La.1978) and Derouen v. Kolb, 397 So.2d 791 (La.1981), which upheld the provision in question here against an attack of unconstitutionality grounded in an asserted violation of equal protection of the laws and due process provisions of the State and Federal Constitutions, as well as of this court in Authement v. Luke, 418 So.2d 742 (La.App. 5th Cir.1982).
We therefore affirm the decision of the trial judge sustaining the exception of prematurity.
AFFIRMED.
NOTES
[1] The posture here is not the same it would be were the same issues raised in the suit for a declaratory judgment which has complied with the provisions of La.C.C.P. Article 1880.