KLIEBERT, Judge.
Lucinda Howard, plaintiff, devolutively appeals the trial court’s granting of defendant’s, Keith Van Meter and Associates’, exception of prescription[1] in this medical malpractice action. We affirm.
Plaintiff’s husband, Frank Howard, was admitted to the Jo Ellen Smith Hospital *88 emergency room on September 26, 1985 suffering from multiple stab wounds. He died in the hospital the next day. Her petition alleges that during a critical two hour period, her husband’s wounds were improperly treated. Therefore, pursuant to the Medical Malpractice Act, LSA-R.S. 40:1299.39, et seq., plaintiff filed a complaint with the Commissioner of Insurance on April 9, 1986, alleging “Mr. Howard’s death was caused by the negligence of employees of Jo Ellen Smith Hospital, and/or the negligence of other persons for whom the hospital is responsible. The medical review panel was formed on June 29, 1987 and the matter submitted to the panel on November 4, 1987.
In Jo Ellen Smith Hospital’s submission to the panel on November 4, 1987, it was stated that the emergency room physicians were not employed by the hospital but were in fact employees of Keith Van Meter and Associates, an independent contractor. On January 1, 1988 the panel found the Jo Ellen Smith Hospital was not negligent. Thereafter, on January 25, 1988, plaintiff filed a so-called amendment to its complaint with the Commissioner of Insurance asking for a review of Dr. John L. Overby’s (on March 8, 1988 Dr. R. Cailouette was substituted as the person who performed the treatment) and Keith Van Meter and Associates' actions in the treatment of plaintiff on September 16, 1985.
Plaintiff’s so-called amended complaint dated January 25, 1988 was met with an exception of prescription. After a hearing on the exception of prescription the trial court maintained the exception and dismissed the matter with prejudice. An application for supervisory writs filed by plaintiff with us was denied on August 22, 1988. (see our Writ Docket No. 88-0517) with the following statement:
“WRIT DENIED. We see no error in the ruling of the trial judge.”
The Louisiana Supreme Court originally denied plaintiff’s application for writs as untimely [see In re Howard, 584 So.2d 440 (La.1988) ] but, on reconsideration, remanded the matter to the trial court with instructions to grant plaintiff a devolutive appeal from the June 14, 1988 judgment. 541 So.2d 195. (See Supreme Court Writ Docket No. 88-CC-2589). The trial court signed the devolutive appeal order on April 17, 1989.
The date, January 25, 1988, of filing the complaint against Dr. Overby (Dr. Cail-ouette) and the date, September 26, 1985, of the alleged malpractice, is well beyond the one year prescriptive period of LSA-R.S. 9:5628.[2] Although plaintiff admits the so-called amended complaint was filed more than a year after the alleged malpractice, he contends the filing against the hospital suspended the running of prescription as against Dr. Cailouette and Keith Van Meter and Associates, his employer.
On appeal plaintiff urges two main arguments as to why prescription has not run. First, the allowance of a long delayed response by a health care provider while holding a claimant to strict rules of prescription is a denial of constitutionally protected rights of plaintiff to due process and equal protection of the law. Secondly, under the equitable doctrine of contra non valentem agere nulla currit praescriptio her claim is not barred.
As to plaintiff’s first argument, the issue of whether plaintiff’s due process or equal protection rights were violated is not properly before this court as it was not pleaded nor argued in the trial court. As we stated in Aston v. Lazarus, et al, 439 So.2d 1240, 1242 (5th Cir.1983):
*89 “[1-3] Well settled law in this jurisdiction is the legal presumption that all laws are presumed to be constitutional until the contrary is made to appear. Further, as a general rule, a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized. Johnson v. Welsh, 334 So.2d 395 (La.1976). Moreover, there is a long standing judicial principal that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Benson & Gold Chevrolet v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); Collins vs. Division of Foster Care, etc., 377 So.2d 1266 (La.App. 4th Cir.1979)
Therefore, we consider only plaintiffs second argument, i.e., her cause of action has not prescribed because prescription does not run against a party who is unable to act. (doctrine of contra non valentem).
In Corsey v. State Department of Corrections, 375 So.2d 1319 (1979) our Supreme Court outlined the applicability of the doctrine in the following instances:
“(1) Where there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on plaintiff’s claim;
(2) Where the plaintiff is prevented by some act of the defendant from availing himself of his cause of action;
(3) Where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim; or,
(4) Where the cause of action is not known or reasonably knowable by the plaintiff provided such ignorance is not attributable to plaintiffs willingness or neglect.”
In Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986) the Supreme Court held LSA-R.S. 9:5628 was a prescriptive statute, hence, the doctrine could have application to a medical malpractice suit. Here, plaintiff contends the doctrine is applicable because the defendant, Jo Ellen Smith Hospital did not reveal Dr. Cail-ouette’s true employee relationship until its medical review panel submission, even though the allegation of Dr. Cailouette’s employment with the hospital had been alleged in appellant’s original complaint to the Commissioner of Insurance. Thus, counsel argues plaintiff should not and can not be denied her day in court (in essence prescription did not run) because of the actions of either Jo Ellen Smith Hospital or the existence of facts (i.e., Dr. Cailouette was not an employee of Jo Ellen Smith Hospital) of which Mrs. Howard was not and could not be aware except through responses of the defendant.
Counsel for Keith Van Meter and Associates cites the Corsey case, supra, and argues:
“This principle [doctrine] will not except the plaintiff’s claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.”
He points out that Keith Van Meter and Associates and Dr. Cailouette did nothing to prevent plaintiff from bringing an action against them for the simple reason that they were not involved in the case prior to the tiine plaintiff filed the second complaint.
Given the situation here and the fact that plaintiff assumed the alleged tort feasor was an employee of the hospital and made no effort to discover who he was or who his employer was, nor show any obligation on the hospital to disclose its contractual arrangement with Keith Van Meter and Associates, we cannot say the doctrine is applicable. Pure and simple, in our view this is not one of those cases where a party concealed information or knowingly misrepresented information to prevent another party from taking action against it.
For the foregoing reasons, we affirm the ruling of the trial court. Cost is assessed against plaintiff.
AFFIRMED.

. The exception was filed on behalf of Dr. John Overby; however, the judgment states Keith Van Meter and Associates filed the exception. Dr. Cailouette was substituted after the filing *88 but before the hearing on the exception. After Dr. Cailouette was substituted Keith Van Meter and Associates filed an exception of prescription dated March 30, 1988.

. LSA-R.S. 9:5628 provides as follows:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.”