HUMPHRIES, Judge.
Defendant-appellant appeals from the judgment rendered against it in the amount of $2,011.54 for equipment it rented from the plaintiff-appellee.
Defendant-appellant’s only contention on this appeal is the denial by the trial court of its exception of improper venue and the trial on the merits in Sabine Parish rather than Caddo Parish.
The facts which gave rise to this litigation are conceded by all parties. The defendant, a Delaware Corporation, was engaged in laying a pipeline for Tennessee Gas Corporation. During this operation defendant rented a tractor from the plaintiff to accomplish this task. The record reflects that this tractor was used at least in Sabine and Natchitoches Parish. The record does not reflect how far the pipeline extended across the State of Louisiana. Upon completion of its project, the defendant failed to pay the plaintiff for the use of the tractor and plaintiff instituted this suit for recovery, in Sabine Parish, its domicile.
Two questions are at issue in this case. First is the annual report filed with and certified by the Secretary of State admissible and evidence that the defendant is licensed to do business in this state? Secondly, is the venue of this suit in Sabine Parish?
The first question is disposed of easily. R.S. 13:3711 and 13:3712 provide that documents and papers properly within the possession of a governmental body when properly certified are admissible in evidence over a hearsay objection. Further, that such documents are prima facie proof “. . .of any act, transactions or occurrence or event as a memorandum of which said books, records, papers, or documents were kept or made.” (R.S. 13:3712). We note that according to R.S. 12:309 this annual report is filed with the Secretary of State and included in the Secretary of State’s files as being from a foreign corporation licensed to do business within the State of Louisiana.
It follows from the above paragraph that this certified report must be admitted and accepted as evidence that the defendant was licensed to do business in the State of Louisiana.
In dealing with the problem of venue, plaintiff contends that the action was brought under the long-arm statute R.S. 13:3201, et seq., and that specifically, R.S. 13:3203 provides for proper venue in the parish of plaintiff’s domicile. We observe, although defendant did not object to deficiency of service, that plaintiff is wholly inconsistent. R.S. 13:3204 provides for service of process by registered or certified mail to the defendant. In the instant case, service was mailed to defendant’s registered agent for service of process C. T. Corporation System in New Orleans, not defendant, Cap-Con International, Inc. The fatal defect to plaintiff’s argument is that the term “non-resident”, as defined in R.S. 13:3206 for application of the long-arm statute, does not include a foreign corporation licensed to do business in this state, with a registered agent.
Because the defendant is licensed to do business in this state, the long-arm statute and its venue provisions are inapplicable and the general venue provisions apply.
The general venue provision, C.C.P. Art. 42(4), provides that an action against a foreign corporation, licensed to do business in Louisiana, shall be brought in the parish *702 where its principal business establishment is located. The record in this case indicates that Caddo Parish is the parish where defendant’s principal business establishment is located and where suit should be brought.
The trial court’s failure to sustain defendant’s timely exception to the venue was erroneous.
The judgment of the lower court is reversed and the cause remanded with directions to transfer the ease to the First Judicial District Court in and for the Parish of Caddo. (C.C.P. Art. 121). All costs in the district court and this appeal are taxed to plaintiff-appellee.