463 So.2d 743 (1985)
Richard A. GOINS, and his wife, Jane P. Goins
v.
TEXAS STATE OPTICAL, INC., the Optometric Group, Dr. Kenneth R. Parker, and Their Liability Insurers.
No. CA-2142.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*744 C. David Schumacher, Carl J. Schumacher, Jr., Schumacher Law Corp., Ltd., New Orleans, for plaintiffs-appellants, Richard A. Goins and Jane P. Goins.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendants-appellees, The Optometric Group and Dr. Kenneth R. Parker.
Before KLEES, CIACCIO and WARD, JJ.
WARD, Judge.
Richard and Jane Goins appeal a judgment sustaining an exception of prematurity and dismissing without prejudice their medical malpractice suit against Dr. Kenneth R. Parker and the Optometric Group. The exception asserted that both defendants were qualified health care providers under the Louisiana Malpractice Act, La. R.S. 40:1299.41 et seq, and therefore entitled to a medical review panel determination prior to the filing of a lawsuit against them.
On appeal, Goins contends that the Trial Judge erred in dismissing the lawsuit because the evidence is inexplicably conflicting and thus Dr. Parker and the Optometric Group failed to carry their burden of proving they were qualified under the Act at the time of the alleged malpractice. While we agree that the evidence is contradictory and perplexing, we believe that the Trial Judge was correct in finding that the defendants were enrolled as qualified providers and consequently that Goins' suit should be dismissed as premature. Hence, we affirm.
In reviewing the record, we are mindful that the burden was on defendants to show they were immune from suit as qualified providers under the Act. Chivleatto v. Divinity, 379 So.2d 784 (La.App. 4th Cir.1979). Defendants urge that we employ the standard of review we used in Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980) and Smith v. Borden, Inc., 413 So.2d 701 (La.App. 4th Cir.1982), that is, that we give great weight to the Trial Judge's reasonable evaluations of credibility and reasonable inferences of fact and not substitute our own equally reasonable evaluations and inferences, absent manifest error by the Trial Judge. While we agree with counsel for defendants that the suit is premature, we do not agree with his assertions that the Trial Judge's finding of fact must be shown to be manifestly erroneous. We find this standard inapplicable in this case because all of the evidence presented to the Trial Judge was documentary and we have all of that evidence in the record before us. Moore v. Travelers Indemnity Co., 352 So.2d 270 (La.App. 2nd Cir.1977). Three sets of documents from Cheryl Jackson, the Commissioner of Insurance's *745 Chief of Medical Malpractice, are the only evidence in the record from the hearing on the exception. We are in as good a position as the Trial Judge to weigh evidence which is introduced in written form; therefore, the manifest error rule does not apply. Schwarz v. Bourgeois, 422 So.2d 1176 (La.App. 4th Cir.1982). Rather, we examine the record to determine whether it shows by a preponderance of the evidence that the Optometric Group and Dr. Parker were qualified under the Louisiana Medical Malpractice Act in October 1982 when the alleged act of malpractice occurred.
To show that they were qualified, the Optometric Group and Dr. Parker placed in evidence a transmittal letter from Chief of Medical Malpractice Cheryl Jackson and original Certificates of Enrollment, dated December 14, 1983, from the Commissioner of Insurance, certifying enrollment under La.R.S. 40:1299.41 et seq. with effective dates of May 15, 1981 to May 15, 1984. These Certificates were prima facie evidence of their contents and it was up to Goins to rebut this evidence of the defendants' qualification. He introduced: 1) a letter of September 22, 1983, received from the Chief of Medical Malpractice in response to his counsel's inquiry, stating that the Optometric Group and Dr. Parker were not qualified, and 2) a Certificate of Enrollment, dated December 2, 1983, certifying the enrollment of the Vision Center and the Optometric Group, effective May 16, 1983 to May 16, 1984.
The September 22, 1983 letter, although puzzling because directly contradicted by the Certificates introduced by defendants, does not prove that those Certificates are wrong, and plaintiff has not rebutted defendants' prima facie case. And although the December 2nd Certificate is irrelevantit covers a period several months after the alleged malpracticethe December 14th Certificates, signed by the Chief of Medical Malpractice in her official capacity, are presumed to be genuine and full proof of their contents. La.R.S. 13:3712; Byles Welding & Tractor Co. v. Cap-Con International, 342 So.2d 700 (La. App. 3rd Cir.1977) Thus, we find the Certificates both stronger and more recent proof of the defendants' qualification under the Medical Malpractice Act. If Goins believed there were irregularities in the defendants' qualification, he should have called witnesses or introduced other evidence at the hearing on the exception. It is unfortunate that the Commissioner of Insurance gave Goins' counsel erroneous information which misled him into filing suit. Nevertheless, the record shows that the Optometric Group and Dr. Parker were qualified under the Medical Malpractice Act in October 1982, and La.R.S. 40:1299.47 requires Goins to submit his claim to a medical review panel.
We therefore affirm the judgment dismissing Richard and Jane Goins' suit without prejudice, with all costs of this appeal to be paid by Mr. and Mrs. Goins.
AFFIRMED.