JASPER E. JONES, Judge.
FACTS
The plaintiff, Mi Hwa Hill, appeals a judgment sustaining a plea of prematurity in her tort action based upon false imprisonment against Dr. George Seiden, Brent-wood Hospital and Humana, Inc. We reverse.
On or about October 31, 1982, Ms. Mi Hwa Hill, plaintiff-appellant, was admitted to the Brentwood Hospital after executing a formal voluntary admission request in accordance with LSA-R.S. 28:52.2. On November 12, 1982, an emergency certificate was issued' under the authority of LSA-R.S. 28:53 extending the appellant’s stay in the hospital an additional fifteen days. On January 12, 1983, the appellant was released after a review of her records revealed that the fifteen day extension had expired and no other legal basis existed authorizing her further detention.
The appellant’s petition alleges that her treating physician, Dr. George Seiden, defendant-appellee, did not advise her of an absolute right to be released at the termination of the fifteen day period and that she, was told by hospital employees that only her treating physician could authorize her release. The petition further alleges that she demanded to be released but was told that if she attempted to leave, law enforcement officials would be sent to arrest and return her. The appellant contends that on or about January 10, 1984, employees of the hospital informed her that unless she paid $800.00 due on her account, that she would be transferred to the Central Louisiana State Hospital in Pineville, Louisiana.
The appellant asserts that on January 12, 1983, a staff attorney for the Louisiana Mental Health Advocacy Service in Shreveport, Louisiana, reviewed her file and convinced a staff physician at the hospital, to issue an immediate order for her release.' The appellant prayed for damages resulting from approximately 45 days false imprisonment and for various, unconsented to medical treatments, each separate instance being an alleged battery.
Brentwood Hospital and Humana, Inc., defendants, answered that Dr. Seiden was not their employee. These defendants assert the appellant had full knowledge of her rights, that she continued to accept treatment and care at the hospital and that she never requested to be released. They further claim that Dr. Seiden never directed the hospital to terminate the treatment of the appellant and that her confinement was Dr. Seiden’s sole responsibility. These *877 defendants filed a third party demand against Dr. Seiden for indemnification.
Dr. Seiden timely filed a dilatory exception of prematurity against the appellant asserting that the suit was in reality a claim for medical malpractice under LSA-R.S. 40:1299.41 et seq. This statute requires that the claim first be presented to a medical review panel, a procedure which had not been followed by the plaintiff. On April 30, 1984, the motion was argued before the trial judge and, by agreement, the matter was continued for the taking of Dr. Seiden’s deposition.
In this pre-trial deposition taken on May 29, 1984, Dr. Seiden, a psychiatrist, testified that the appellant was first formally admitted on October 8, 1982, and was released on October 23, 1982. The admitting diagnosis was paranoia psychosis and the discharge diagnosis was atypical psychosis. Dr. Seiden also related that the appellant was formally and voluntarily re-admitted to the hospital on October 31, 1982, and that his associate, Dr. Linda Boswell, signed the emergency certificate on November 12, 1982. Dr. Seiden related that after the fifteen day period had expired, he and the appellant discussed her release and she voluntarily requested to stay. Dr. Seiden concluded by asserting that the appellant had been allowed to leave the hospital on eight-hour passes, that she had always returned of her own free will, and that she never requested or demanded to be released until January 12, 1983.
Dr. Seiden filed a second exception of prematurity against the third party demand of the other defendants. The court with written reasons sustained the exception of prematurity concluding from Dr. Seiden’s deposition, and from the petition, that Dr. Seiden’s actions did not constitute an intentional tort. The court found the claim was an unintended tort and was malpractice and for this reason the claim must be first submitted to the medical review panel as required by LSA-R.S. 40:1299.41 et seq. By signed judgment dated January 4, 1985, the court sustained the dilatory exception of prematurity and dismissed the appellant’s suit as well as the third party demand filed against Dr. Seiden. Only the appellant has appealed this judgment.
The appellant’s assignment of errors present two issues for decision:
(1) Was the trial court clearly wrong in ruling upon the dilatory exception of prematurity after reviewing only the petition and pre-trial deposition as it should have deferred the motion to a trial on the merits so that the true relationship between the appellant and Dr. Seiden could be established?
(2) Was the trial court clearly wrong in deciding that the petition failed to state a cause of action for an intentional tort and ruling that the complaint falls within the medical malpractice law?
We reverse the judgment of the trial court on grounds other than those presented by the appellant.
LAW ON THE PLEA OF PREMATURITY IN A MEDICAL MALPRACTICE CLAIM
A dilatory exception of prematurity is the proper procedural device to present a claim that a suit is covered by the medical malpractice law and it must be presented to a medical review panel prior to instituting suit. The defendant has the burden to establish a prima facie case that he was a covered health care provider at the time of the alleged injury. Chivleatto v. Divinity, 379 So.2d 784 (La.App. 4th Cir.1979); Goins v. Texas State Optical, Inc., 463 So.2d 743 (La.App. 4th Cir.1985); LSA-R.S. 40:1299.41(D). A defendant may establish a prima facie case of coverage under the medical malpractice law by providing competent evidence that he has filed proof with the Commissioner of Insurance that he is insured by a policy of malpractice liability insurance in the amount of at least $100,-000 per claim or, if he is self-insured, proof of financial responsibility in excess of $100,000. Everett v. Goldman, 359 So.2d 1256 (La.1978); LSA-R.S. 40:1299.42(E). A Certificate of Enrollment, certified by the Commissioner of Insurance, is competent evidence sufficient to establish a prima *878 facie case for the applicability of the medical malpractice law. Goins v. Texas Optical, Inc., supra; LSA-R.S. 13:3711, 3712.
The record establishes that the only evidence offered to support the defendant’s exception of prematurity was his deposition taken on May 29, 1984. This deposition does not contain one word regarding the appellee’s coverage under the medical malpractice law at the times of the alleged injury to the appellant. The trial court’s written opinion relates the factual finding that the appellee is a health care provider as defined by LSA-R.S. 40:1299.41(A)(1) but does not address the issue of the appel-lee’s statutory coverage.
It is clear that a licensed physician is a health care provider within the contemplation of the medical malpractice law. However, this does not trigger the mandatory use of a medical review panel unless the requisite proof of financial coverage is provided to the Commissioner of Insurance. The election to be covered under this statute is completely voluntary. In the absence of coverage, the health care provider is fully amenable to a tort suit. Everett v. Goldman, supra; LSA-R.S. 40:1299.41(D).[1]
The record also shows that the motion was argued before the trial court but does not relate that any in court testimony was produced to establish the appellee’s coverage under the statute. In the trial court’s written reasons for judgment it referred only to the plaintiff’s petition and to Dr. Seiden’s deposition which was introduced into evidence, neither of which make any reference to Dr. Seiden’s compliance with LSA-R.S. 40:1299.42 A(l), E.[2]
We reverse the judgment of the trial court applicable to the appellant as Dr. Seiden has failed to present a prima facie case of coverage under the medical malpractice act at the time of the alleged injury to the appellant.
The judgment is REVERSED and the case is REMANDED for further proceedings in accordance with law. All cost on appeal are assessed against defendant, Dr. George Seiden, the assessment of cost below to be made following determination of the case on the merits.

. LSA-R.S. 40:1299.41(D)
D. A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health care provider does not so qualify, the patient’s remedy will not be affected by the terms and provisions of this Part, except as hereinafter provided with respect to the suspension and the running of prescription of actions against a health care provider who has not qualified under this Part when a claim has been filed against the health care provider for review under this Part.

. LSA-R.S. 40:1299.42 A(l), E
A. To be qualified under the provisions of this Part, a health care provider shall:
(1) Cause to be filed with the commissioner proof of financial responsibility as provided by Subsection E of this Section; '...
E. Financial responsibility of a health care provider under this Section may be established only by filing with the commissioner proof that the health care provider is insured by a policy of malpractice liability insurance in the amount of at least one hundred thousand dollars per claim with qualification under this Section taking effect and covering the same period and following the same form as the poliicy of malpractice liability insurance of the health care provider or, in the event the health care provider is self-insured, proof of financial responsibility in excess of one hundred, thousand dollars.