DOMENGEAUX, Judge.
Guaranty Bank & Trust Company of Alexandria, Louisiana, (Guaranty Bank) commenced this concursus proceeding pursuant to La.Code Civ.Proc. arts. 4651 et seq. to require the respective claimants of a fund over which it was acting as an escrow agent, to assert their claims contradictorily against each other. The Trial Court rendered judgment in favor of Guaranty Bank, relieving it of all liability to the defendants named in the proceeding for the money it had deposited into the registry of the Court upon commencing this proceeding, and decreed the disposition of the fund. The claim of the appellants in this suit, T.L. Berry, Sr., now represented by his succession representative, Denise West Berry, and Denise West Berry in her individual capacity, was denied.
Holiday Inn of Leesville Partnership, a partnership organized under the laws of the State of Texas, whose partners consisted of Holiday Inn of Leesville, Inc., a corporation organized under the laws of the State of Louisiana, as “Managing Partner” and Gerald H. Pace and Leon Dial, as “Investing Partners”, sold on February 15, 1985 to the Leesville Motel Properties (A Louisiana Limited Partnership), a limited partnership organized under the laws of the State of Louisiana, property known as the New Llano (Leesville) Louisiana Holiday Inn. The parties, in accordance with their “Contract to Buy and Sell Motel”, executed an escrow agreement and made Guaranty Bank the escrow agent. The escrow agreement, although its interpretation is at the heart of this appeal, was intended to protect the buyers from the claims of the seller’s creditors.
The escrow agreement provided that $50,000.00 was to be held on deposit by Guaranty Bank for ninety days commencing February 15, 1985. The agreement further provided that if at any time during the ninety-day period a claim chargeable to the seller was made against the buyer, the seller or the transferred property, the nature and amount of the claim was to be communicated to the seller and Guaranty Bank, and the seller was to notify Guaran *640 ty Bank whether it consented to payment or intended to dispute the claim.
Twenty claims totalling $213,284.72 were received. The appellants, the Berrys, submitted a claim in the amount of $170,176.03 on March 4, 1985. Beauregard Electric Cooperative, Inc. (Beauregard Electric) and Guaranty Corporation submitted claims on July 5, 1985 in the respective amounts of $15,011.87 and $9,419.62. The claims of Beauregard Electric and Guaranty Corporation were submitted beyond the ninety-day escrow period. The Court, as previously stated, denied the Berrys participation in the fund, however, despite the fact that the claims of Beauregard Electric and Guaranty Corporation were submitted late, they were decreed entitled to payment.
The Berrys allege entitlement to pro rata participation in the escrow fund because their claim, they assert, is indebtedness “attributable to the business of the New Llano (Leesville) Louisiana Holiday Inn, Inc., within the meaning of the escrow agreement.” The Berrys maintain that the indebtedness is the unpaid balance of an unsecured promissory note executed by Gerald H. Pace in favor of the Berrys in connection with a prior sale of the hotel to Pace and his partners. The defendants, on January 23, 1985, obtained a judgment on the promissory note in the Courts of Texas in the amount of $170,176.03, including interest, against Gerald H. Pace and Sigrid Freeman Pace. This judgment, which is the claim of the Berrys, was subsequently made executory in Louisiana.
The Berrys maintain on appeal that the Trial Court erred in two respects and raise three issues. The issues on appeal are:
(1) What is the appropriate standard of appellate review in cases in which the decision of the district court rests entirely on written evidence?
(2) Did the Trial Court err in denying T.L. Berry and Denise West Berry pro rata participation in the escrow fund? and,
(3) Did the Trial Court err in permitting Beauregard Electric and Guaranty Corporation pro rata participation in the fund?
The initial issue on appeal addresses the appropriate standard of review in cases such as the instant in which the decision of the lower court rests solely on written evidence. The Berrys maintain that the manifest error standard should not apply and that a lesser standard should because there was no oral testimony in this case which would have required the Trial Judge to evaluate credibility and draw inferences. The Berrys present in support of their position the case of Goins v. Texas State Optical, Inc., 463 So.2d 743 (La.App. 4th Cir.1985) which held that the manifest error standard of appellate review did not apply when the entirety of the evidence was presented in documentary form. The Goins Court rested its opinion on the belief that when the record is comprised entirely of written evidence, the appellate court is “in as good a position as the Trial Judge to weigh the evidence_” Id. at 745.
We believe, subsequent to a thorough review of the jurisprudence, that the appellants are incorrect. Although their interpretation of Goins is accurate, the Louisiana Supreme Court recently held in a Per Curiam opinion that the manifest error standard of appellate review should be applied even when the evidence before the trier of fact consists solely of written reports, records and depositions. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987). We will, therefore, apply the manifest error standard and refrain from disturbing the District Court judgment absent finding that it is clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The second issue on appeal concerns the interpretation of the escrow agreement and addresses the question of whether the agreement provides for the participation of the Berrys’ judgment against Gerald H. Pace. The Berrys maintain that they are entitled to pro rata participation in the fund because the escrow agreement was intended to protect the buyers from creditors of the “Seller” and that Pace, both individually and in his capacity as a partner of the Holiday Inn of Leesville Partnership, was described as a “Seller” in the agreement.
*641 The appellants further argue that the escrow agreement was executed to protect the buyer, Leesville Motel Properties, from noncompliance or inadequate compliance with the Louisiana Bulk Sales Act, La.R.S. 9:2961, et seq. and that any creditors of Pace as a “Seller” would fall within the protection of the Bulk Sales Law.
The Berrys specifically direct our attention to paragraphs Seven and Eight of the escrow contract. Paragraph Seven provides:
The Seller shall take reasonable steps to pay all of his debts, whether purely personal or attributable to his business, in accordance with the terms of the Act of Sale and Assumption to the end that all claims are paid without resort to the use of the Escrow Fund, (emphasis added).
Paragraph Eight provides:
For purposes of the Escrow Agreement, debts attributable to the Seller include any and all enforceable claims of Seller’s creditors, whether purely personal or based on transactions or events related to Seller’s business occurring before the transfer of possession of the property to the Buyer under the Act of Sale and Assumption, (emphasis added).
The Trial Judge in disallowing the Berrys’ claim concluded in his “Reasons for Judgment” that “[t]he purpose of the escrow agreement was obviously to insure that all debts of the hotel arising prior to the sale would be paid.” The Court further stated that “[t]o allow a debt arising out of a previous transaction [to participate in the escrow fund] would be to extend the agreement beyond that contemplated by the parties.” The Judge rested his opinion on the preamble of the escrow agreement which provides in part:
WHEREAS, the parties desire to execute on (sic) Escrow Agreement for the purpose of paying any and all of the seller’s debts that are attributable to the business and have not been paid pri- or to the sale or the payment of which has not been provided for, and in order to protect the property transferred to Buyer from the claims of Seller’s unpaid creditors, ... (emphasis added).
We have reviewed the escrow agreement and the contentions of the Berrys, but do not believe that the Trial Court was manifestly erroneous. The decision of the lower court disallowing the claim of the Berrys is, therefore, affirmed.
We are advised by La.Civ.Code arts. 2045, et seq., specifically La.Civ.Code art. 2050 (1870) (amended 1984), that:
Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.
We concur in the conclusion of the Trial Judge that the agreement was intended to protect Leesville Motel Properties, the buyer, against the possibility of undisclosed liabilities of Holiday Inn of Leesville Partnership, the seller. Although the escrow agreement does make reference to Pace, among others, as a “Seller”, the actual seller of the New Llano (Leesville) Louisiana Holiday Inn was the Holiday Inn of Leesville Partnership. We believe as argued by Leesville Motel Properties, a co-defendant-appellee, that Pace and Dial were termed “Sellers” along with Holiday Inn of Leesville, Inc. and Holiday Inn of Leesville Partnership, out of an abundance of caution to avoid the possibility that any individual ownership interests might have existed in the individual partners.
We do not believe that the parties to the agreement intended to benefit any and all of the creditors of the individual partners of the Holiday Inn of Leesville Partnership. The creditors of the individual partners have no right to proceed against the money formerly held in escrow by Guaranty Bank. The Berrys are not creditors of the business, but rather, are merely personal creditors of one of the partners of the partnership which owned the business. See, First National Bank of Shreveport v. Davis, 147 So. 93 (La.App. 2nd Cir.1933).
The Berrys also suggest the lower court should be reversed because the sale of the business was passed in accordance with the Bulk Sales Act and the escrow agreement *642 was intended to provide additional protection for the buyers from the creditors of the seller. The Berrys maintain that the Bulk Sales Act was designed to protect all creditors, regardless of how the debts arose, and that the property of a debtor is the common pledge of his creditors. The Berrys, although correct in their understanding of the Bulk Sales Act and Louisiana security devices, assume that Pace was one of the sellers of the business. Pace was not a seller, but was merely one of the partners of the partnership which owned and subsequently sold the hotel business. See, State v. Morales, 240 So.2d 714 (La.1970). The Berrys’ argument must, therefore, fall.
The final issue raised on appeal addresses the Trial Court’s decision decreeing Beauregard Electric and Guaranty Corporation entitled to participate in the distribution of the escrow funds. Having previously concluded that the Berrys are not entitled to participation in the escrow fund and because no other parties questioned the propriety of the District Court judgment, we are not required to resolve this issue.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
All costs of this appeal are assessed against Denise West Barry, in her individual capacity and as the succession representative of T.L. Berry.
AFFIRMED.